# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **Mark McGriff, Board of Trustees Chairman and William Nix, Board of Trustees Secretary, on behalf of INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND;** | ) ) ) ) ) ) |
| **Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND;** | ) ) ) ) ) ) ) |
| **Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND;** | ) ) ) ) ) |
| | ) **CASE NO. 1:18-cv-949** |
| **Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND;** | ) ) ) ) ) ) |
| **Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA;** | ) ) ) ) ) |
| and, | ) ) |
| **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS,** | ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| **WALGREENS CO.,** | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs **Mark McGriff, Board of Trustees Chairman, and William Nix Board of Trustees Secretary, on behalf of INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND; Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; Mark McGriff, Board of Trustees Co-Chairman and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA;** and, **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**, complain of Defendant **WALGREENS CO.**, stating as follows:

## COUNT I

This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiffs **Mark McGriff, Board of Trustees Chairman, and William Nix, Board of Trustees Secretary, on behalf of INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND; Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board**

2

of Trustees Secretary on behalf of **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND;** **Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA** (collectively referred to as the "Trust Funds") in order to judicially enforce the obligations owed, and breached, by Defendant **WALGREENS CO.** ("Walgreens") to the Plaintiffs Trust Funds. More specifically, Plaintiffs Trust Funds seek an order compelling Defendant Walgreens to submit to a payroll audit for the period of January 1, 2015 through December 31, 2017. Plaintiffs Trust Funds seek to be reimbursed for the costs of the audit and their attorneys' fees and costs incurred as a result of being forced to file the instant civil action. Additionally, Plaintiffs Trust Funds also seek to compel Walgreens to pay any delinquent contributions which are uncovered by the audit, plus liquidated damages, and interest.

2. Plaintiffs Trust Funds are employee benefit funds within the meaning of and subject to ERISA. The Plaintiffs Trust Funds provide benefits for employees working within this judicial district.

3. At all times materials herein, Defendant Walgreens has employed employees within this judicial district.

4. At all times material herein, Defendant Walgreens has been a signatory to a

collective bargaining agreement with the Indiana/Kentucky/Ohio Regional Council of Carpenters ("Union") and, as such, is bound by the Plaintiffs Trust Funds' Agreements and Declarations of Trust ("Trust Agreements").

5.  The Union's collective bargaining agreement and the Trust Agreements by which Walgreens has agreed to be bound provide, *inter alia*, that field audits of an employer's payroll and related records may be made by the Trust Funds so as to insure that the appropriate employer contributions are made to the Funds, that liquidated damages and interest fees are charged to any contribution which is not paid in a timely fashion and that the Funds' costs (attorneys' fees, auditor's fees, etc.) incurred in enforcing the audit requirement and/or in collecting delinquent contributions, interest and liquidated damages are paid by the contractor refusing to make such payment and/or permit the audit.

6.  Despite Plaintiffs Trust Funds' requests, Walgreens has failed to permit Plaintiffs Trust Funds' designated field auditor to review Walgreens' payroll books and related records.

WHEREFORE, Plaintiffs pray that this Court order that:

1.  Defendant Walgreens make available to the Plaintiffs Trust Funds' auditors the following records for the period of January 1, 2015 through December 31, 2017: (a) Master list of all employees, regardless of craft or occupation, showing employees' social security number, an craft (occupation or trade); (b) Calendar year-to-date summary showing regular, overtime and double time hours with corresponding earnings; (c) quarter-to-date summary showing regular, overtime and double time hours with corresponding earnings; (d) quarterly Federal 941's and State UC's (Workforce Development Contribution Reports); (e) W-2's with W-3, 1099's with 1096; (f) Corporate or Individual tax form (1120, 1120S, 1040, or 1065) dependent on company's tax status;

(g) job site list, showing City and State; (h) chart of accounts, and detail from the General Ledger for outside labor, casual labor, or subcontractors; (i) subcontractor listings showing names, dates and amounts, with job location and work performed; (j) time cards or time sheets; (k) check registers (cash disbursements); (l) contribution reports for all jurisdictions; and, (m) any such other financial records as are required by the auditors in order to determine the amount of contributions and deductions owed to the Plaintiffs Trust Funds by Walgreens.

2. Within a reasonable time after completion of the inspection of all payroll books and records of Defendant Walgreens, Plaintiffs Trust Funds shall file with the Court, and serve upon Defendant Walgreens, an itemized statement of all delinquent contributions, deductions, interest, liquidated damages, late fees and audit costs Plaintiffs claim Walgreens owes them. Absent objection, within fifteen (15) business days of service upon Walgreens, the Court shall enter final judgment in favor of the Plaintiffs Trust Funds and against Walgreens in the amount requested. In the event of an objection, the Court will determine the need for a further hearing;

3. Defendant Walgreens pays statutory post-judgment interest on all delinquent contributions and deductions found due, herein;

4. Defendant Walgreens pay Plaintiffs Trust Funds' attorneys' fees, payroll auditor's fees and costs; and

5. Such other relief that this Court may find proper be entered against Defendant Walgreens.

## COUNT II

1. Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are

engaged in representing or acting for employee members within this judicial district.

2. At all times material herein, Defendant **WALGREENS CO.** ("Walgreens") has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

3. This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 ("LMRA").

4. At all times material herein, Defendant Walgreens has been a signatory to a collective bargaining agreement with the Union. Included among the contractual obligations between the parties is the requirement that Defendant Walgreens make certain payroll deductions and contributions to the Union (other than those identified in Count I) ("deductions"). Additionally, said collective bargaining agreement provides that the Union's costs (attorneys' fees, auditor's fees, etc.) incurred in enforcing the payroll audit requirement and/or in collecting delinquent payroll deductions and interest are to be paid by the contractor refusing to make such payment and/or permit the audit.

5. Defendant Walgreens is in breach of its contractual obligations to the Union by failing to permit an audit of its payroll books and records so that it can be determined whether Defendant Walgreens has made the proper payments and done so on a timely basis for the period of January 1, 2014 through December 31, 2017.

WHEREFORE, Plaintiff Union prays this Court order that:

1. Defendant Walgreens permit Plaintiff Union to audit its payroll books and records for the period of January 1, 2015 through December 31, 2017;

2. Defendant Walgreens pay the delinquent contributions, deductions, interest and liquidated damages, if any, owed for the period of January 1, 2015 through December 31, 2017;

3. Defendant Walgreens pays statutory post-judgment interest on all principal deductions found due by this Order;

4. Defendant Walgreens pays Plaintiff Union's attorneys' fees, auditor's fees and costs incurred herein; and,

5. Such other and further relief that this Court may find just and proper be entered against Defendant Walgreens.

Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

By _____/s/ Paul T. Berkowitz_____
      **PLAINTIFFS' ATTORNEYS**

PAUL T. BERKOWITZ & ASSOCIATES, LTD.
123 West Madison Street, Suite 600
Chicago, Illinois 60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
Attorney ID #19025-49